UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-06-80-B-W |
| | ) | |
| MARK MCCURDY | ) | |

**ORDER ON DEFENDANT'S MOTION TO RE-OPEN
HEARING ON MOTION TO SUPPRESS**

About a month after his November 15, 2006 indictment on a felon in possession charge, Mark McCurdy moved to suppress evidence, including firearms and ammunition, from a warrantless search of his residence. *Indictment* (Docket # 1); *Def.'s Mot. to Suppress* (Docket # 11). The Court held a suppression hearing on February 8 and February 16, 2007. The legal issue centered on whether Mr. McCurdy's girlfriend, Paula Sawtelle, had authority to consent to a search of his residence and whether she had actually done so. On March 26, 2007, the Court issued an Order, denying the motion to suppress. *Order on Mot. to Suppress* (Docket # 30) (*Order*).

After a series of continuances, Mr. McCurdy decided to plead guilty and the Court accepted his guilty plea on October 9, 2007. *Minute Entry* (Docket # 57). Due to his criminal history, the Presentence Investigation Report determined that Mr. McCurdy faced significantly greater penalties than were apparent at his Rule 11 hearing. On May 2, 2008, upon his motion, the Court allowed Mr. McCurdy to withdraw his guilty plea. *Def.'s Mot. to Withdraw Plea* (Docket # 73); *Order Granting Mot. to Withdraw Plea* (Docket # 74).

On June 6, 2008, Mr. McCurdy moved to re-open the hearing on the motion to suppress. *Def.'s Mot. to Re-open Hr'g on Mot. to Suppress* (Docket # 78) (*Def.'s Mot.*). The basis of the

motion is that in January 2008, Mr. McCurdy had a chance encounter with an acquaintance, Scott Huckins. *Def.'s Mot.* at 3. During that meeting, Mr. Huckins informed Mr. McCurdy that he was present in the McCurdy home on March 27, 2006, when the law enforcement officers arrived and during the critical exchange during which Ms. Sawtelle authorized the search of the attic. *Id.* In its opinion, the Court found, *inter alia*, that when the issue of firearms in the attic had arisen, Ms. Sawtelle had nodded her head, which the Sheriff's Deputy reasonably took to be her consent to enter the attic. *Order* at 13. According to Mr. McCurdy's motion, when the police questioned Ms. Sawtelle, Mr. Huckins recalls Ms. Sawtelle "rocking back and being non-responsive to the questioning." *Def.'s Mot.* at 4. When the deputy asked to search the residence, Mr. Huckins says Ms. Sawtelle "did not expressly consent to or permit a search." *Id.* She sat in her seat and appeared quite upset and distracted, rocking back and forth. *Id.* Even when the officer specifically spoke of searching the home, Ms. Sawtelle remained unresponsive to him."[1] *Id.* To the extent the Court determined that the Huckins evidence could alter the result, the Government does not object to the motion. *Govt.'s Resp. to Def.'s Mot. to Re-Open Hr'g on Mot. to Suppress* at 1 (Docket # 87).

In the unusual facts of this case, the Court grants the motion to re-open the evidence. First, the Defendant is entitled to put his best case forward in his motion to suppress and the Court will not speculate what impact Mr. Huckins' testimony might have on its view of whether Ms. Sawtelle consented to the search of the attic. Second, the evidence is newly discovered since the suppression hearing and could not have been reasonably discovered. Mr. McCurdy was not present at his house during the search and Mr. Huckins' name does not appear in the police

---

[1] Although the memorandum cites an affidavit from Mr. Huckins for many of these statements, the memorandum is more detailed than the much more conclusory affidavit. The Court assumes defense counsel's memorandum is drawn from interviews with Mr. Huckins that are more detailed than the brief affidavit that was filed to support the motion to reopen hearing.

reports.  Third, although Mr. McCurdy learned of Mr. Huckins' presence in January 2008, he had then pleaded guilty and can thus be forgiven for failing to move more promptly to re-open the suppression hearing.  The June 6, 2008 motion to re-open was filed soon after the Court granted the motion to withdraw guilty plea on May 7, 2008.  Finally, a new suppression hearing will not need to replow all the old ground.  Mr. Huckins makes a very specific allegation about what happened during a narrow band of time, when he, the law enforcement officers, and Ms. Sawtelle were all present.

The Court GRANTS the Defendant's Motion to Re-Open Hearing on Motion to Suppress (Docket # 78).  The Court will schedule a hearing at the earliest convenience of the parties.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of July, 2008