UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-06-80-B-W |
| | ) | |
| MARK MCCURDY | ) | |

**ORDER ON GOVERNMENT'S MOTION *IN LIMINE* RE: TESTIMONY OF JANELLE HAYWARD AND STEPHEN SMITH**

On March 27, 2006, a federal grand jury indicted Mark McCurdy for knowing possession by a felon of a firearm in or affecting commerce in violation of 18 U.S.C. § 922(g)(1). *Indictment* (Docket # 1). The Government claims two witnesses are familiar with the circumstances surrounding Mr. McCurdy's acquisition of the firearm, and seeks to introduce their testimony at trial. *Gov't's Mot.* In Limine *re: Testimony of Janelle Hayward and Stephen Smith* at 1 (Docket # 116) (*Gov't's Mot.*). Mr. McCurdy contends the testimony should be excluded. *Def.'s Resp. to Gov't's Mot.* In Limine *re: Testimony of Janelle Hayward and Stephen Smith* at 3 (Docket # 136) (*Def.'s Resp.*). The Court concludes that the proposed trial testimony is relevant and that there is no basis to exclude it.

**I.  STATEMENT OF FACTS**

The Indictment charges that Mr. McCurdy knowingly possessed a Colt Match H-BAR .223 caliber rifle on March 27, 2006, having been convicted of robbery, a crime punishable by imprisonment for a term exceeding one year under Maine law. *Indictment*. In its motion, the Government states that Janelle Hayward, once Mr. McCurdy's girlfriend, purchased the rifle for him on July 14, 2000. It says Ms. Hayward will testify that she accompanied Mr. McCurdy to Smitty's Trading Post in Machias, Maine, that it was Mr. McCurdy's idea she purchase the rifle,

and that she did so with his money. Ms. Hayward will also testify she knew Mr. McCurdy's status as a felon was the reason he asked her to purchase the rifle for him. Finally, Ms. Hayward will explain the last time she saw the rifle was when she delivered it to Mr. McCurdy at his request following a failed attempt to sell it on consignment.

The Government also describes corroborating testimony of Stephen Smith, the former proprietor of Smitty's Trading Post. Mr. Smith is expected to testify that Ms. Hayward and Mr. McCurdy visited his shop on July 14, 2000, and that Mr. McCurdy pointed to the rifle and discussed it with Ms. Hayward, who eventually purchased it. Mr. Smith will further testify not only that Ms. Hayward completed the paperwork for the transaction required by federal law, but also that he cautioned Ms. Hayward to keep the rifle locked away because Mr. McCurdy was a felon.[1]

On March 27, 2006, the Washington County Sheriff's Department dispatched a deputy to investigate a report of domestic assault at Mr. McCurdy's home. The deputy found the rifle in the attic.[2]

## II. DISCUSSION

The Government contends that the proffered testimony is admissible because it is "intrinsically intertwined" with the charged offense, and alternatively because it is "other crimes evidence" under Federal Rule of Evidence 404(b). *Gov't's Mot.* at 1; Fed. R. Evid. 404(b). Mr. McCurdy argues that the six-year-old facts the Government seeks to establish through Ms. Hayward and Mr. Smith are "stale and dated," that the testimony is irrelevant to Mr. McCurdy's

---

[1] Apparently, the Government learned of Ms. Hayward's involvement in the transaction after the applicable limitations period ended, and consequently did not charge her under 18 U.S.C. § 922(a)(6). *Gov't's Mot.* at 2 n.1.
[2] The Court addressed at length the circumstances of the deputy's search and seizure of the rifle in two orders on Mr. McCurdy's motion to suppress. *See Def.'s Mot. to Suppress* (Docket # 11); *Order on Mot. to Suppress* (Docket # 30); *Def.'s Mot. to Re-Open Hr'g on Mot. to Suppress* (Docket # 78); *Order on Def.'s Mot. to Re-Open Hr'g on Mot. to Suppress* (Docket # 91); *Supplemental Order on Mot. to Suppress* (Docket # 114).

alleged unlawful possession in 2006, and that it is so likely to mislead the jury and confuse the issues it should be excluded under Federal Rule of Evidence 403.  *Def.'s Resp.* at 2-3; Fed. R. Evid. 403.

To convict Mr. McCurdy, the Government must prove beyond a reasonable doubt that he is a convicted felon who knowingly possessed a firearm connected with interstate commerce.  18 U.S.C. § 922(g)(1); *United States v. Bartelho*, 71 F.3d 436, 439 (1st Cir. 1995).  The second element, knowing possession, requires that the Government prove Mr. McCurdy possessed the rifle voluntarily and intentionally, not by mistake or accident.  *United States v. Tracy*, 36 F.3d 187, 194-95 (1st Cir. 1994).  Accordingly, whether Mr. McCurdy's alleged possession of the rifle on March 27, 2006 was voluntary and intentional, as opposed to accidental or mistaken, is a "fact that is of consequence to the determination of the action."  Fed. R. Evid. 401.  Evidence that makes such a fact more or less probable is relevant and is generally admissible unless a rule of exclusion applies.  Fed. R. Evid. 402.

Here, the Government seeks to sustain its burden of proof by establishing that the deputy found in Mr. McCurdy's attic on March 27, 2006 the same weapon that Ms. Hayward bought for him at Mr. Smith's store on July 14, 2000.  If believed, Ms. Hayward's and Mr. Smith's testimony makes it more probable that Mr. McCurdy possessed the rifle that was found in his attic on March 27, 2006, and that his possession was not accidental but voluntary and intentional. Characterized either as "intrinsic, direct evidence of the charged crime," or as "extrinsic evidence" of "other crimes, wrongs, or acts," admissible to prove knowledge or absence of mistake or accident, the testimony is admissible unless excluded by Rule 403.  *See United States v. Shea*, 159 F.3d 37, 39 (1st Cir. 1998).

Mr. McCurdy contends that the testimony raises significant concerns under Rule 403 because "evidence relating to events from 2000 would tend to confuse and mislead the jury into concluding

that it can convict the Defendant for the pending charge based upon the events of 2000." *Def.'s Resp.* at 2; Fed. R. Evid. 403.  The Court does not agree.  Admission of this testimony will not suspend "[t]he general rule . . . that the government may prove the offense conduct on any day before the indictment and within the statute of limitations."  *United States v. Caldwell*, 423 F.3d 754, 758 (7th Cir. 2005).  Because the five-year limitations period of 18 U.S.C. § 3282 applies to the offense for which Mr. McCurdy has been indicted, *United States v. Greever*, 134 F.3d 777, 780 (6th Cir. 1998), the Government must prove that he knowingly possessed a firearm prior to the date of the Indictment and within the limitations period.  Mr. McCurdy is free to argue that the Government has failed to prove beyond a reasonable doubt that he committed an offense within the limitations period.[3]  *See United States v. Juodakis*, 834 F.2d 1099, 1104 (1st Cir. 1987) (per curiam) (determining whether evidence established beyond a reasonable doubt that a defendant charged with conspiracy had committed an overt act in furtherance thereof within the limitations period).  Further, any risk that the jury will convict Mr. McCurdy on events that occurred outside the statute of limitations can be ameliorated by a limiting instruction, if requested.

### III.   CONCLUSION

The Court GRANTS the Government's Motion *In Limine* re: Testimony of Janelle Hayward and Stephen Smith (Docket # 116), and concludes that their testimony, as described by the Government, is admissible at Mr. McCurdy's trial.

---

[3] The Court interprets Mr. McCurdy's alternative arguments based on the passage of six years between the transaction and the occurrence of the alleged offense to be based more on the weight of the proffered testimony than its admissibility.

SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 23rd day of December, 2008