UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06-cr-00080-JAW |
| | ) | |
| MARK MCCURDY | ) | |

**ORDER DISMISSING MOTION FOR APPOINTMENT OF COUNSEL**

On November 9, 2012, Mark McCurdy moved for appointment of counsel "to assist him in resolving with the Court clearly erroneous findings of fact which directly contradict objective record and testimonial evidence . . . germane to his § 2255 issues." *Mot. for Appointment of Counsel*, 1 (ECF No. 276) (*Pet'r's Mot.*). Quoting from the Court's March 26, 2007 opinion denying his motion to suppress, and citing specific portions of the suppression hearing transcript, Mr. McCurdy asserts that the Court made two findings not supported by the testimony. *Id.* at 1-4. Next, Mr. McCurdy accuses the United States Attorney of misrepresenting the evidence to the Court of Appeals for the First Circuit. *Id.* at 4-5. He maintains that he needs an attorney "to assist him in resolving these clearly erroneous findings of fact and to motivate the U.S. Attorney to simply assert the truth in its pleadings." *Id.* at 5.

In its response, the Government notes that it is a "very rare" case that requires appointment of counsel for a § 2255 petitioner. *Gov't's Resp. to Def.'s Mot. for Appointment of Counsel*, 1 (ECF No. 278) (*Gov't's Opp'n*) (quoting *United States v. Dolliver*, No. CR-04-77-B-W, 2008 U.S. Dist. LEXIS 34800, *2 (D. Me. Apr. 28,

2008)). The Government says it "doubts" that "this matter is one of the truly complex cases in which appointment of counsel is justified." *Id.* at 1. It suggests that the Court "withhold its decision on the petitioner's request for counsel until the Court has evaluated" the Government's yet-to-be-filed response to Mr. McCurdy's § 2255 motion "and determined whether the interests of justice require that the Court appoint counsel in this matter." *Id.*

"A convicted criminal has no constitutional right to counsel with respect to habeas proceedings." *Ellis v. United States*, 313 F.3d 636, 652 (1st Cir. 2002) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Under 18 U.S.C. § 3006A(a)(2)(B), a court is authorized to appoint counsel for a financially eligible § 2255 petitioner if "the interests of justice so require." Although the First Circuit has indicated that, "in certain circumstances, the appointment of counsel for a § 2255 petitioner might be warranted, such cases are few and far between." *Ellis*, 313 F.3d at 653 (citing *United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993)). The First Circuit has set forth three criteria by which the court must discern the "rare" case where appointment of counsel for a habeas petitioner is warranted: "(1) [the petitioner] has shown a fair likelihood of success on the constitutional claim, (2) that claim is factually complex and legally intricate, and (3) the facts are largely undeveloped and [petitioner] (who is both incarcerated and indigent) is severely hampered in his ability to investigate them." *Mala*, 7 F.3d at 1063-64. At the same time, appointment of counsel is mandatory if the court holds an evidentiary hearing. RULES GOVERNING § 2255 PROCEEDINGS 8(c) ("If an evidentiary hearing is

warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A"); *Bucci v. United States*, 662 F.3d 18, 34 (1st Cir. 2011).

Here, Mr. McCurdy's motion for appointment of counsel claims that there were erroneous findings of fact by the Court and misstatements by the Government that affected his rights. *Pet'r's Mot.* at 1-5. However, Mr. McCurdy has failed to demonstrate that he meets the *Mala* criteria. The issues Mr. McCurdy contends justify appointing counsel are neither factually nor legally complex. Furthermore, Mr. McCurdy has, without the assistance of counsel, successfully scoured available transcripts, pinpointed specific findings, cited caselaw, and generally represented himself adequately. The Court finds no grounds to appoint counsel for him.

The Court dismisses Mr. McCurdy's motion without prejudice. Once the Government responds to his § 2255 petition, he is free to renew his request. If he elects to do so, the Court reminds Mr. McCurdy that to obtain appointed counsel, he must demonstrate both that he is indigent and that the *Mala* criteria are satisfied.

The Court DISMISSES without prejudice Mark McCurdy's Motion for Appointment of Counsel (ECF No. 276).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2013