UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06-cr-00080-JAW |
| | ) | |
| MARK MCCURDY | ) | |

**ORDER ON DEFENDANT'S MOTION TO RECUSE**

On January 14, 2013, Mark McCurdy moved for me to recuse myself from further proceedings in his case. *Mot. for Recusal* (ECF No. 288) (*Def.'s Mot.*). The Government takes no position on this motion. *Letter from Margaret D. McGaughey, Appellate Chief, United States Attorney's Office, to Christa Berry, Cl[e]rk* (Jan. 15, 2013) (ECF No. 289). I deny the motion because Mr. McCurdy has failed to present a sufficient basis for my recusal.

## I.   MARK MCCURDY'S MOTION

In his motion, Mr. McCurdy claims that I "fabricated serious misrepresentations of material facts and each prevarication benefited the government and prejudiced the Petitioner, thereby calling into question [my] impartiality pursuant to 28 U.S.C. § 455(a)." *Def.'s Mot.* at 1. Mr. McCurdy lists a number of my factual findings in various orders that he claims are not supported by the record evidence. *Id.* at 1-12. Mr. McCurdy next complains that I ruled prematurely on a motion from the Government and have treated him as "a non-entity, a mere spectator to these proceeding[s]." *Id.* at 12-13.

Finally, he suggests that my supposed lack of impartiality may be driven by the fact that my late father Dr. John Woodcock treated him for injuries he sustained in a snowmobile accident when he was thirteen years old. *Id.* at 13. Mr. McCurdy quotes my recitation of his substance abuse history at his sentencing hearing, which reads:

> There is an indication that his substance abuse began as early as 13 years old. He has - - he had a significant snowmobile accident when he - - in 1971 when he was 13, and he was prescribed Darvon for pain.

*Id.* (quoting *Sentencing Tr.*, 65:19-23). Mr. McCurdy writes:

> Apparently the Court thought it best to quote no further because the original 1984 report that that information was derived from was a lot more detailed. It stated, in part, that Dr. John A. Woodcock, M.D. was McCurdy's orthopedic surgeon and the doctor who overprescribed Percodans for a 13 year old boy in the first place. It is unknown whether this fact drives the court's lack of impartiality considering that this doctor was Chief Judge John A. Woodcock, Jr.'s father.

*Def.'s Mot.* at 13.

## II.   DISCUSSION

### A.   Legal Standard for Recusal

A United States judge is required to recuse "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *United States v. Reynolds*, 646 F.3d 63, 75 (1st Cir. 2009).[1] The First Circuit has held that the standard for recusal under § 455(a) is "whether an objective, reasonable member of

---

[1]   Mr. McCurdy argues that recusal is warranted under 28 U.S.C. § 455(a). *Def.'s Mot.* at 1. To the extent he suggests that I may be personally biased against him due to the medical treatment my late father allegedly provided him many years ago, his argument appears also to implicate 28 U.S.C. § 455(b)(1), which requires recusal when a judge "has a personal bias or prejudice concerning a party." However, as the First Circuit has observed that § 455(a) "covers the same ground and reaches even further" than § 455(b), *In re Martinez-Catala*, 129 F.3d 213, 220 (1st Cir. 1997), there is no need to conduct a separate analysis of Mr. McCurdy's motion under § 455(b).

the public, fully informed of all the relevant facts, would fairly question the trial judge's impartiality."  *In re United States*, 441 F.3d 44, 56-57 (1st Cir. 2006) (internal punctuation omitted).

Recusal under 28 U.S.C. § 455(a) is generally warranted only when the judge's alleged bias or prejudice can be traced to "a source outside the judicial proceeding at hand."  *Liteky v. United States*, 510 U.S. 540, 545, 554-56 (1994); *see also In re United States*, 441 F.3d at 66-68.  The *Liteky* Court noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . and can only in the rarest circumstances evidence the degree of favoritism or antagonism required [for recusal] when no extrajudicial source is involved."  *Liteky*, 510 U.S. at 555.  Though it is possible that a judge might develop and display such "deep-seated and unequivocal antagonism" toward a party that fair judgment would become "impossible" and recusal necessary, "a judge's rulings and statements in the course of proceedings before him or her rarely provide a basis for recusal under § 455(a)."  *Liteky*, 510 U.S. at 556; *In re United States*, 441 F.3d 44, 66-67 (1st Cir. 2006).

Mere suspicion of impartiality is not enough to secure a judge's disqualification, as "the need to secure public confidence through proceedings that appear impartial" must be balanced against "the need to prevent parties from too easily obtaining the disqualification of a judge" and from "manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking."  *In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989).  Indeed, "[t]he trial judge has a duty

3

not to recuse himself or herself, if there is no objective basis for recusal." *In re United States*, 441 F.3d at 67.

### B.   Analysis

#### 1.   Personal Bias

The only extra-judicial source of bias alleged by Mr. McCurdy is that he was once treated (he says mistreated) by my father. The simple answer is that until Mr. McCurdy's motion to recuse, I did not know that my late father treated him. The Presentence Investigation Report (PSR) was the source of my comments at his sentencing and it reads in pertinent part:

> A previous 1984 presentence investigation report completed by Maine State Probation in the previous Robbery conviction noted the following information. The defendant suffered a serious leg/ankle injury during a snowmobile accident in 1971. Titanium plates were placed into his leg to correct the injury.

*Revised Presentence Investigation Report* ¶ 47 (dated Apr. 3, 2009). It states further:

> State of Maine Probation records reflect that the defendant's substance abuse began at age 13. After the snowmobile accident in 1971, he was prescribed Darvon for pain.

*Id.* ¶ 51. My comments at his sentencing hearing echo the contents of the PSR. Contrary to Mr. McCurdy's suspicions, I have never had access to the Maine State Probation report that he says reveals that my father treated him in 1971, and contrary to his accusation, I did not think it "best not to quote further"; there was nothing further to quote. Given that I did not even know that there had been any contact between Mr. McCurdy and my father until he brought it to my attention in

his motion to recuse, that fact could not lead an objective, reasonable member of the public to fairly question my impartiality towards Mr. McCurdy, and does not require recusal.

### 2.   Mark McCurdy's Disagreements with My Rulings

That leaves Mr. McCurdy's intense disappointment and pointed disagreements with my rulings in his case, which also do not require recusal.  *See Liteky*, 510 U.S. at 555 (noting that such disagreements are generally "proper grounds for appeal" rather than for recusal).  Mr. McCurdy's assertions regarding factual misrepresentations go to the merits of his § 2255 petition and will be addressed in a ruling after his § 2255 petition has been fully briefed.

Regarding his assertion that my premature stay of his § 2255 petition demonstrates bias and requires recusal, Mr. McCurdy had moved for leave to file a supplemental pleading pursuant to his § 2255 petition (ECF No. 262), and the Government suggested in its response that I stay the motion and his § 2255 petition until the First Circuit resolved Mr. McCurdy's pending appeal.  Given that the First Circuit's ruling would clarify the issues to be decided in his § 2255 petition, I agreed with the Government and stayed the motion and the § 2255 petition before Mr. McCurdy was able to reply to the Government's response (he filed his reply eight days after the Court issued its stay, *see* ECF No. 269).

The Order issuing the stay (ECF No. 268) did not reach the merits of Mr. McCurdy's motion for leave to file supplemental pleading and worked no apparent prejudice against him.  Nevertheless, when Mr. McCurdy asked me to reconsider

5

the Order, I did, agreeing that I had acted "prematurely." *Order on Mot. for Reconsideration*, 1 (ECF No. 271). Upon reconsideration, I affirmed the stay because I remained convinced that it would be "wiser to receive guidance from the First Circuit on the pending appeal . . . than to proceed forward with the pending petition and belatedly discover" that the First Circuit had resolved the appeal in a way that called into question this Court's determinations. *Id.* at 1-2.

The type of "deep-seated and unequivocal antagonism" required for recusal based on judicial rulings is not present in this case. A review of the docket, now with 290 entries, many of which have been filed by or on behalf of Mr. McCurdy, hardly substantiates his claim that he has been treated as a "non-entity, a mere spectator to these proceedings." *Def.'s Mot.* at 13.

### III.   CONCLUSION

I DENY Mark McCurdy's Motion to Recuse (ECF No. 288).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 17th day of January, 2013