UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:06-cr-00080-JAW |
| | ) | |
| MARK MCCURDY | ) | |

**ORDER GRANTING MOTION TO EXTEND OVER OBJECTION**

On October 1, 2014, Mark McCurdy filed a thirty-five page motion for relief from judgment, demanding relief from the Court's September 27, 2013 Order in which the Court denied his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Mot. for Relief from J.* (ECF No. 315). On October 20, 2014, the Government moved to extend the time to respond to Defendant's motion from October 26, 2014 to November 26, 2014. *Gov't's Mot. to Extend Time to File Resp.* (ECF No. 317). The Court granted the motion on October 21, 2014. *Order* (ECF No. 318). On November 25, 2014, the Government made a second motion to extend the time for its response from November 25, 2014 to December 31, 2014. *Gov't's Mot. to Extend Time to File Resp.* (ECF No. 320). The Court granted the motion on November 26, 2014. *Order* (ECF No. 321). The deadline for the Government's response was December 31, 2014. *Id.*

Even though the Government had not yet filed a motion to extend time, on December 22, 2014, Mr. McCurdy filed an objection to what he thought might be the Government's motion for extension of time. *Pet'r's Objection to Gov't's Mot. for Extension of Time* (ECF No. 322). Mr. McCurdy noted that the Court had granted

two prior motions to extend without giving him an opportunity to object. *Id.* at 1. Mr. McCurdy claimed that the Government "has exhibited a disturbing pattern of dilatory tactics in all its cases." *Id.* at 2. He says that "in his case the government has sought and been granted 13 extensions and stays totaling nearly two years, during which time Petitioner has remained in prison and has been denied the facilities and procedures to show that his imprisonment is in violation of the laws and Constitution of the United States." *Id.* at 2. He writes that "Court imposed deadlines serve a useful purpose and encourage the parties to be diligent and that to allow never-ending extensions of time without consequence makes those deadlines meaningless." *Id.* at 3. Despite Mr. McCurdy's anticipatory objection, December 31, 2014 came and went with no filings from the Government. On January 6, 2015, the Government moved for another extension of time, asking until January 30, 3015 to respond to Mr. McCurdy's motion. *Gov't's Mot. to Extend Time to File Resp.* (ECF No. 323).

It is unfortunate that the Government has been unable to respond to Mr. McCurdy's motion on a timelier basis. Mr. McCurdy has demonstrated that he is acutely aware of and very sensitive about any extensions of time to the Government. *See Mot. for Recusal* at 12-13 (ECF No. 288) (complaining that the Court treated him "as a non-entity, a mere spectator to these proceeding[s]"); *Order Conditionally Granting the Gov't's Mot. to Extend Time to File Resp.* (ECF No. 293); *Order on Pet'r's Mot. to Notice Prior Standing Objection* (ECF No. 297). In fact, on December 22, 2014, Mr. McCurdy filed an anticipatory objection to the Government's motion for extension, even though one had not yet been filed.

2

The Court assumes that Mr. McCurdy's anticipatory objection to the Government's motion to extend applies to the actual motion that the Government has now filed. He previously issued what he has called "standing objections" to any Government motion to extend time. *Pet'r's Mot. to Notice Prior Standing Objections* (ECF No. 295). Therefore, the Court assumes that Mr. McCurdy not only objects to the Government's motion but does so vehemently.

At the same time, if the Court were to grant Mr. McCurdy's objection, it would be required to rule on Mr. McCurdy's motion without knowing the Government's position. It rarely serves justice to hear just one side of a case before deciding it and the Court suspects that it would benefit from learning the Government's position on Mr. McCurdy's latest motion. Although the Court is under no illusions that Mr. McCurdy will agree with the extension, the Court points out that it has consistently allowed Mr. McCurdy to file innumerable supplemental pleadings to his motions, even though technically they would not be allowed by the rules. Also, the Court observes that it has taken each of Mr. McCurdy's post-trial motions seriously and has written extensive opinions analyzing the issues he has raised, and even though he has not prevailed, he cannot say that the Court has given him short shrift.

In this spirit, the Court grants the Government's Motion to Extend Time (ECF No. 323); the Government's response will be due on or before January 30, 2015. Finally, although the Court is generally sympathetic to the Government's many deadlines and briefing obligations, the Court would hope that counsel for the Government treats this deadline as a final one and will make a particular effort to

file a response to Mr. McCurdy's motion, which will have been pending for nearly four full months before the Government has been able to respond. If the Government intends to move for another extension, the Court expects that it will do more than simply list all its deadlines, but will explain why—among all the deadlines—Mr. McCurdy's motion has ended up at the end of the line.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2015