UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

MARK MCCURDY,                                )
                                             )
              Petitioner,                    )
                                             )
       v.                                    )        1:06-cr-00080-JAW
                                             )        1:15-cv-00254-JAW
                                             )
UNITED STATES OF AMERICA,                    )
                                             )
              Respondent                     )

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION,**
**MOTION FOR RELIEF FROM JUDGMENT,**
**MOTION FOR FINDINGS OF FACT,**
**MOTION FOR COUNSEL AND DISCOVERY MOTIONS**

Petitioner Mark McCurdy has filed several motions, including a motion for relief, pursuant

to Fed. R. Civ. P. 60(b), from this Court's judgment on his first 28 U.S.C. § 2255 motion (ECF

No. 315); a motion to appoint counsel (ECF No. 335); a motion for leave to conduct discovery

(ECF No. 336); six motions requesting various forms of discovery from the Government,

Petitioner's counsel, a hospital, and three law enforcement officers (ECF Nos. 337-42); a motion,

pursuant to Fed. R. Civ. P. 52, for findings of fact (ECF No. 347); and a second or successive

section 2255 motion seeking relief from his sentence (ECF No. 351).  The Court has not ordered

the Government to respond to Petitioner's second or successive section 2255 motion.

Petitioner concedes that the pending section 2255 motion is a second or successive section

2255 motion, but he argues that pursuant to section 2255(h)(1), the action is permissible because

the motion is based on newly discovered evidence from the Machias Police Department.  (Motion,

ECF No. 351 at 2.)  Petitioner asserts that he obtained the new evidence as the result of a July 2014

decision of the state Superior Court on his Freedom of Information Act request.  (*Id.* at 6; State

Court Order, ECF No. 351-3.)[1]  Petitioner maintains that the new evidence refutes certain factual statements made by the Government in its brief on Petitioner's direct appeal from his federal criminal conviction.  (Motion, ECF No. 351 at 2-3.)  Specifically, he alleges that in its appellate brief, the Government inaccurately stated (1) that a larger amount of ammunition was found in a search of Petitioner's rucksack than the amount supported by the record at trial; and (2) that Petitioner waived his *Miranda* rights before he disclaimed ownership of a gun case.  (*Id.* at 3-4.)

As explained below, after review of Petitioner's section 2255 motion and the record, in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, I conclude that Petitioner's section 2255 motion is subject to the gatekeeping provisions of 28 U.S.C. § 2255(h). I recommend, therefore, that the Court dismiss the section 2255 motion.[2]   I further recommend that the Court dismiss the Fed. R. Civ. P. 60(b) motion for relief from judgment,[3] that the Court deny Petitioner's Fed. R. Civ. P. 52 motion for findings of fact, that the Court dismiss as moot Petitioner's remaining motions for the appointment of counsel and for discovery.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in November 2006 on one count for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  (Indictment, ECF No. 1.)  Petitioner unsuccessfully moved to suppress a gun case that contained the firearm and a rucksack that contained ammunition; the gun case and rucksack were found during a search of Petitioner's attic.  (Motion, ECF No. 11; Order, ECF No. 30.)  *United States v. McCurdy*, 480 F. Supp. 2d 380 (D. Me. 2007).  Petitioner was convicted, following a jury trial in December 2008.  (Verdict Form, ECF No. 148; Judgment,

---

[1] *McCurdy v. Machias Police Dep't*, No. AP-12-07 (Me. Super. Ct., Wash. Cnty., July 1, 2014).

[2] Because Petitioner could request the First Circuit's permission to file a second or successive section 2254, the recommendation is for a dismissal without prejudice.

[3] Given that Petitioner could include the issues in any section 2255 motion that the First Circuit might authorize, the recommendation is for a dismissal without prejudice.

ECF No. 195.)  In July 2009, he was sentenced to a term of 210 months in prison, followed by three years of supervised release.  (Judgment at 2-3.)

In his appeal to the First Circuit, Petitioner challenged this Court's denial of his motion to suppress, claimed prosecutorial misconduct at trial, and disputed his sentencing status as an armed career criminal.   In November 2010, the First Circuit affirmed the conviction and the sentence. *McCurdy*, No. 09-2101 (1st Cir. Nov. 16, 2010.)  In the appeal, Petitioner did not address the issue that he now raises, namely, that the Government misstated facts in its appellee brief.[4]  *United States v. McCurdy*, No. 09-2101 (1st Cir. Sept. 3, 2010).

On Petitioner's challenge to the denial of his motion to suppress, the First Circuit held that this Court did not err when it found (1) that the law enforcement officer who conducted the search reasonably believed that Petitioner's girlfriend had the authority to consent to the search of Petitioner's home, and that her consent included the attic where the officer found the gun case and rucksack; and (2) that Petitioner disclaimed ownership of the gun case and abandoned any expectation of privacy in it.[5]  *McCurdy*, No. 09-2101 (1st Cir. Nov. 16, 2010.)  (Suppression Tr., ECF No. 205 at 37-39.)  In March 2011, the United States Supreme Court denied Petitioner's petition for a writ of certiorari.  *McCurdy v. United States*, 131 S. Ct. 1714 (2011) (mem.).

In April 2011, Petitioner moved *pro se* for a new trial based on a claim of newly discovered evidence of extortion and perjury by a government witness.[6]  (Motion for New Trial, ECF No.

---

[4] Petitioner's last filing in the appeal, his reply brief, was filed in September 2010.  In his reply, Petitioner addressed issues regarding his girlfriend's authority to consent to a search of Petitioner's home and his expectation of privacy in the gun case found during the search.

[5] The First Circuit also held that certain comments by the prosecutor did not amount to plain error, and that the prosecutor's improper reference to Petitioner as a "lunatic" did not affect the outcome of the trial, given that the Court gave an immediate curative instruction and given the overwhelming evidence of Petitioner's guilt.  *United States v. McCurdy*, No. 09-2101 (1st Cir. Nov. 16, 2010.)  Finally, the First Circuit held that this Court had properly classified Petitioner as an armed career criminal, based on his two burglary convictions and at least one robbery conviction.  *Id.*

[6] This was Petitioner's second motion for a new trial.  (*Pro Se* Motion for New Trial, ECF No. 155; Revised Motion for New Trial, ECF No. 163.)  This Court denied Petitioner's first such motion.  (Order, ECF No. 188.)

224.)   Later that month, Petitioner filed a motion for discovery materials (tape recordings of telephone calls and reports on surveillance); he also filed a motion, under the Jencks Act, 18 U.S.C. § 2500, for a list of grand jury witnesses and grand jury testimony.  (Motion for Discovery, ECF No. 227; Motion for Production of Documents, ECF No. 228.)  Neither of these motions addressed the issues that Petitioner raises in the pending section 2255 motion.

In August 2011, while Petitioner's motion for a new trial and his discovery and Jencks Act motions were pending, Petitioner filed his first section 2255 motion.  (Motion, ECF No. 240.)  In that motion, Petitioner did not specifically raise the issue of the alleged inaccurate factual statements in the Government's appellate brief. Instead, in the first section 2255 motion, Petitioner asserted the following grounds for relief: (1) ineffective assistance of counsel for failure to raise *Miranda* violations; (2) ineffective assistance of counsel for failure to object to the introduction in evidence of the rucksack and contents; (3) ineffective assistance of counsel for failure to argue that the sentences imposed in two prior offenses occurred on the same day and yet were counted as separate offenses for purposes of determining Petitioner's criminal history category; and (4) prosecutorial misconduct for freezing the bank account of one of the defense witnesses before trial. (*Id.* at 4-8.)  In Petitioner's reply to the Government's response to Petitioner's first section 2255 motion, Petitioner alleged that he told counsel repeatedly that the law enforcement officer did not read him his *Miranda* rights.   (Reply, ECF No. 261 at 2; Attachment, ECF No. 261-1.)

In November 2011, this Court denied Petitioner's motion for a new trial and his discovery and Jencks Act motions. (Order, ECF No. 250.)  Petitioner appealed from the Court's orders. (Notice of Appeal, ECF No. 251.)

In March 2012, Petitioner filed a motion for permission to file a supplemental pleading with a new section 2255 claim.  (Motion, ECF No. 262; Supplemental Pleading, ECF No. 263.)

The additional claim was for ineffective assistance of counsel based on counsel's failure adequately to cross-examine a Government witness. (Supplemental Pleading at 2.) The Court granted leave to supplement the section 2255 motion. (Order, ECF No. 264.) In April 2012, this Court stayed Petitioner's first section 2255 motion because the appeal of his second motion for a new trial was pending. (Order Staying 28 U.S.C. § 2255 Motion, ECF No. 268.)

In September 2012, Petitioner filed a motion for discovery in this Court, asking the Court to order the Government to produce evidence held by the Machias Police Department regarding a *Miranda* waiver, among other things.[7] (Motion, ECF No. 351 at 5; Motion for Discovery, ECF No. 273.) The Court dismissed the motion for discovery without prejudice because the entire matter had been stayed pending the First Circuit's decision on Petitioner's appeal from the denial of his second motion for a new trial. (Order, ECF No. 274.) In October 2012, the First Circuit affirmed the denial of Petitioner's motion for a new trial, motion for discovery, and motion for Jencks Act material. *United States v. McCurdy*, No. 11-2386 (1st Cir. Oct. 23, 2012). (Judgment, ECF No. 275.)

In November 2012, Petitioner filed a motion requesting that the Court appoint counsel in his section 2255 action. (Motion to Appoint Counsel, ECF No. 276.) In that motion, Petitioner raised the issues he now raises in the pending section 2255 motion. Specifically, he cited the alleged inaccurate factual statements in the Government's appellate brief regarding the amount of ammunition found in his rucksack and whether Petitioner had waived his *Miranda* rights. (*Id.* at 4.)

---

[7] Petitioner asserts in the pending section 2255 motion that on three occasions from September 2011 to August 2012, he requested information from the Machias Police Department, but the police department either ignored or denied his requests. (Motion, ECF No. 351 at 4-5.)

Also in November 2012, Petitioner filed a motion for leave to file a second supplemental pleading with an additional section 2255 claim.  (Motion, ECF No. 277; Supplemental Pleading, ECF No. 277-1.)  In the additional claim, Petitioner sought to assert ineffective assistance of counsel based on counsel's failure to use adequately a report from the Machias Police Department to cross-examine a Government witness.  (Supplemental Pleading at 2.)  After the First Circuit decided Petitioner's appeal, thereby returning jurisdiction to this Court, this Court granted leave to file the second supplemental pleading.  (Order, ECF No. 280.)

In January 2013, this Court dismissed without prejudice Petitioner's motion for appointment of counsel.  (Order, ECF No. 286.)  The Court concluded that Petitioner had failed to demonstrate that he met the criteria for appointment of counsel under *United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993).  (Order, ECF No. 286 at 2-3.)  The Court noted that Petitioner could renew his request after the Government filed its response to the section 2255 motion.  (*Id.* at 3.)

In February 2013, Petitioner filed a supplemental memorandum in which he argued ineffective assistance of counsel regarding the *Miranda* issue.  (Supplemental Memorandum, ECF No. 294 at 7-8.)  In March 2013, Petitioner revived a motion for leave to file a discovery request to compel the Government to produce records of the Machias Police Department.  (Motion, ECF Nos. 299, 299-1 at 2.)

In September 2013, this Court denied Petitioner's first section 2255 motion and his first and second motions for leave to file supplemental pleadings.  (Order, ECF No. 305.)  The Court concluded that counsel was not ineffective, nor was Petitioner prejudiced, based on counsel's (1) failure to argue *Miranda* violations (*id.* at 17-20); (2) failure to object at trial to the introduction of the rucksack in evidence after the Court rejected Petitioner's counseled argument for suppression (*id.* at 21); (3) failure to argue that sentences were imposed on two prior offenses on

6

the same date in 1984 (*id.* at 23-24); and (4) failure to cross-examine a Government witness more extensively regarding some recorded phone calls (*id.* at 28-29).  The Court also determined that prosecutors did not commit misconduct regarding a witness that Petitioner wanted to call at trial because Petitioner could have subpoenaed the witness.  (*Id.* at 26.)  Finally, the Court concluded that Petitioner's claim that counsel was ineffective because he did not use discrepancies between two law enforcement reports to impeach the author of one of the reports was untimely, did not relate back to the original section 2255 motion, and lacked merit.  (*Id.* at 35-42.)  The Court also denied Petitioner's motion for leave to file discovery requests.[8]  (*Id.* at 43.)  The First Circuit subsequently denied Petitioner a certificate of appealability to challenge the denial of his first section 2255 motion.  (Judgment, ECF No. 314.)  *McCurdy v. United States*, No. 13-2368 (1st Cir. June 4, 2014).

In October 2014, Petitioner filed a motion for relief from judgment, seeking relief from this Court's September 2013 order, pursuant to Fed. R. Civ. P. 60(b).  (Motion, ECF No. 315 at 1.)  In his Rule 60(b) motion, Petitioner argues that the proceedings on his first section 2255 motion were flawed because the Court did not grant Petitioner's motions for discovery or appointment of counsel, and the Court did not allow an evidentiary hearing.  (*Id.* at 2.)

In response to Petitioner's Rule 60(b) motion, the Government argues that Petitioner's motion is in substance an unauthorized section 2255 motion, and the first section 2255 motion was properly denied.  (Response, ECF No. 325 at 11-13.)  The Government argues that Petitioner was

---

[8] The Court reasoned (1) that the record lacked evidence that the Government possessed the records of the Machias Police Department; (2) that because Petitioner chose a state forum, in the interest of comity, the Court should not order the production of documents that are the subject of the state court action; and (3) that the decision in state court may clarify Petitioner's entitlement to the Machias Police Department records and thereby render his federal discovery request moot.  (*Id.* at 43-44.)

not entitled to discovery, to the appointment of counsel, or to an evidentiary hearing.  (*Id.* at 15-18.)

Petitioner filed what he described as a "partial reply" to the Government's response to his motion for relief from judgment.  (Reply, ECF No. 334.)  In this filing, Petitioner argues that his Rule 60(b) motion is not a second or successive section 2255 motion because he does not challenge the merits of the Court's decision on his first section 2255 motion; rather, he contends that the procedure was flawed because the Court denied him relief without permitting him discovery, appointment of counsel, or an evidentiary hearing.  (*Id.* at 3-5.)

In March 2015, Petitioner filed a motion to appoint counsel (Motion, ECF No. 335); a motion for leave to conduct discovery, including the depositions of law enforcement personnel, counsel, and the Assistant United States Attorney (Motion, ECF No. 336 at 3-4); and six discovery motions directed at his counsel, the Government, a hospital, and three law enforcement officers (Motions, ECF Nos. 337-42).

The Government filed a consolidated opposition to Petitioner's motion to appoint counsel and the discovery motions.  (Opposition, ECF No. 343.)   The Government argues that the Court should deny the motions because Petitioner's first section 2255 motion was decided against him on the merits, and because he has failed to demonstrate good cause for discovery.  (*Id.* at 3.)

Petitioner contends that discovery would show that counsel mistakenly believed that the ammunition in the rucksack was visible from the exterior of the rucksack, when in fact, he alleges, the rucksack was closed.  (Reply, ECF No. 346 at 5-6.)  Petitioner argues that due to counsel's misunderstanding of the facts, counsel failed to press an argument based on *United States v. Matlock*, 415 U.S. 164, 171 (1974).[9]  Petitioner asserts that without the illegal search, the officer

---

[9] *United States v. Matlock*, 415 U.S. 164, 171 (1974) (recognizing that "when the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant,

8

would not have obtained Petitioner's denial that the gun was his.  (Reply at 7.)  Petitioner also

argues that counsel misunderstood the facts and law regarding the *Miranda* violation.  (*Id.* at 8.)

Petitioner maintains that his disclaimer was coerced because he denied ownership of the gun after

he had requested counsel, and his disclaimer of the gun ultimately led to the loss of the suppression

motion.  (*Id.*)  Finally, Petitioner argues that he was entitled to an evidentiary hearing on his section

2255 claims.  (*Id.* at 9.)

In May 2015, Petitioner filed a motion for proposed findings of fact.  (Motion, ECF No.

347.)  In that motion, Petitioner argues that the Government did not respond to the allegations set

forth in Petitioner's Rule 60(b) motion and, therefore, the facts asserted in the motion should be

deemed admitted, pursuant to either Fed. R. Civ. P. 8(b) (general rules of pleading), or Fed. R.

Civ. P. 56 (summary judgment motions).  (*Id.* at 3-4.)    The proposed facts relate to Petitioner's

claim of ineffective assistance of counsel regarding the motion to suppress and the *Miranda* claim.

(*Id.* at 4-8.)  The Government contends that neither Rule 8(b), nor Rule 56 applies. (*Id.* at 3.)

Petitioner asserts that he signed the pending section 2255 motion on June 30, 2015; the

motion was filed on July 6, 2013.  (Motion, ECF No. 351 at 14.)  Petitioner argues that he should

be permitted to pursue this second or successive petition because he presents two new evidence

that demonstrates that the Government's appellate brief contained "two highly prejudicial critical

misstatements of fact."  (*Id.* at 3.)  Petitioner concedes that he was aware of the alleged

misstatements in the Government's appellate brief when he was preparing his first section 2255

motion; he argues that this Court wrongly denied discovery and counsel, and that he was only able

---

but may show that permission to search was obtained from a third party who possessed common authority over or
other sufficient relationship to the premises or effects sought to be inspected"); *see also United States v. Meada*, 408
F.3d 14, 23 (1st Cir. 2005) (recognizing that "a person generally has an expectation of privacy in items he places in a
closed container").

to develop his due process claims after the July 2014 state court decision by which he gained access to the police records.  (*Id.* at 2, 5-6, 9-10.)  Petitioner contends that he is entitled to relief because the Machias Police Department records do not support the factual statements in the Government's appellee brief.  (*Id.* at 6.)

## II.    DISCUSSION

### A.  Section 2255 Motion

In the pending section 2255 motion, Petitioner challenges the same criminal judgment as he did in his first section 2255 motion, which action terminated with a judgment on the merits. *See United States v. Barrett*, 178 F.3d 34, 43 (1st Cir. 1999) ("[A] numerically second petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits.") (quoting *Pratt v. United States*, 129 F.3d 54, 60 (1st Cir. 1997) (quotation marks omitted)).

As a second or successive motion, Petitioner's motion is subject to the gatekeeping provisions of sections 2255(h) and 2244(b)(3)(A).  Section 2255(h) provides that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See also* First Circuit Local Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States,* 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt,* 129 F.3d at 57).  This Court thus lacks

jurisdiction over the pending motion unless and until Petitioner obtains leave to file the motion in accordance with sections 2244(b)(3)(A), 2255(h).

The record lacks any evidence that Petitioner has obtained permission to file the pending motion. Because the pending section 2255 motion is a second or successive section 2255 motion, and because Petitioner has not obtained permission from the First Circuit to file the motion, Petitioner may not pursue the motion in this Court.

**B.  Motion for Relief from Judgment**

Petitioner attempts to distinguish his motion for relief from judgment from his section 2255 motion. In particular, he argues that his motion for relief from judgment is focused on procedural errors, claims a due process violation, and seeks procedural relief in the form of discovery, the appointment of counsel, and an evidentiary hearing. (Motion, ECF No. 315 at 2.)

A review of Petitioner's filing reveals that Petitioner's motion for relief is a second or successive section 2255 claim by another name. In essence, the motion for relief from judgment is focused on the substance of Petitioner's claims of ineffective assistance of counsel. (*Id.* at 2, 13, 22.) The substance of the motion determines whether the motion constitutes a section 2255 request for relief, rather than the form or label of the motion. *Trenkler*, 536 F.3d at 97. Petitioner also reiterates his objection to the Court's rulings regarding his request for discovery, for counsel, and for an evidentiary hearing in his first section 2255 action. He asserts: "Had Petitioner been provided with an opportunity to be heard – through discovery, appointment of counsel and an evidentiary hearing – he would have established essential circumstances supporting the following ultimate factual conclusions, which can reasonably be expected to alter the outcome of his §2255 claim." (*Id.* at 4.)

In *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (discussing 28 U.S.C. § 2244(b)), the Supreme Court distinguished the inappropriate use of Rule 60(b) to challenge "the substance of the federal court's resolution of a claim on the merits" from the appropriate use of Rule 60(b) to challenge "some defect in the integrity of the federal habeas proceedings." *Id.* at 532. In this case, Petitioner is attempting to use Rule 60(b) to circumvent the gatekeeping function of section 2255(h) in order to challenge the merits of this Court's decision on his first section 2255 motion. Petitioner simply cannot rely on Rule 60(b) in an effort to reiterate the claims asserted in his first section 2255 motion.[10]

## C. Motion for Proposed Findings of Fact

Petitioner argues that Fed. R. Civ. P. 8(b), regarding general rules of pleading, and Fed. R. Civ. P. 56, regarding motions for summary judgment, require the Government to respond to the allegations set forth in Petitioner's Rule 60(b) motion, and because the Government failed to respond to Petitioner's factual allegations, the Government should be deemed to have admitted them. (Motion, ECF No. 347 at 3.) Petitioner sets out his proposed findings of fact in his Rule 52 motion. (*Id.* at 4-8.)

Rule 52 does not require a court to make findings or conclusions when ruling on a Rule 60(b) motion. Rule 52(a)(3) states: "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Rule 60(b) does not require a court to state findings of fact. Rule 56 does not apply, and,

---

[10] The Government correctly points out that to the extent Petitioner seeks relief under Fed. R. Civ. P. 60(b)(1), (b)(2), or (b)(3), his October 1, 2014, filing of the motion is untimely because it occurred more than one year after the Court's September 27, 2013, ruling. *See* Fed. R. Civ. P. 60(c)(1). (Response, ECF No. 325 at 13-14 n.4.)

in any event, Rule 52 specifically states that a court is not required to state findings on a Rule 56 motion.  Petitioner's Rule 52 motion thus lacks merit.[11]

### D.  Motion for Counsel and Discovery Motions

If the Court adopts the recommendations herein, Petitioner's motions for the appointment of counsel and for discovery may be dismissed as moot.

### III.   CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court (1) dismiss without prejudice Petitioner's section 2255 motion (ECF No. 351); (2) dismiss without prejudice Petitioner's motion for relief from judgment (ECF No. 315); (3) deny with prejudice Petitioner's motion for proposed findings of fact (ECF No. 347); (4) dismiss as moot Petitioner's motion to appoint counsel (ECF No. 335); and (5) dismiss as moot Petitioner's discovery motions (ECF Nos. 336-42).  In addition, the recommendation is that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[11] Furthermore, Fed. R. Civ. P. 8 does not apply to Fed. R. Civ. P. 60(b) motions.  Rule 8(b)(1)(B) requires a party, "[i]n responding to a pleading," to "admit or deny the allegations asserted against it by the opposing party."  Pleadings are enumerated in Fed. R. Civ. P. 7 and include a complaint, an answer, and various other filings, but not a Rule 60(b) motion.  Under Rule 8(b) and Rule 7, therefore, the Government was not under an obligation to either admit or deny allegations contained in Petitioner's Rule 60(b) motion.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of July, 2015.