UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK MCCURDY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:06-cr-00080-JAW |
| ) | No. 1:15-cv-00254-JAW |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

In this much-litigated criminal case, the Court affirms the Magistrate Judge's Recommended Decision on the Petitioner's multiple motions. Although not all the issues require explanation beyond what the Magistrate Judge has written, the Court addressed three matters raised in his objections: (1) whether Mr. McCurdy's motion under Rule 60(b) is a successive § 2255 petition by another name; (2) whether that motion, if it were treated as a Rule 60(b) motion, would be timely; and (3) whether the self-styled § 2255 motion is successive. The Court has concluded that none of Mr. McCurdy's objections requires a result different from what the Magistrate Judge recommended.

**I.   THE PARTIES' FILINGS AND THE MAGISTRATE JUDGE'S RECOMMENDED DECISION**

The Court has before it a raft of motions. Given the extensive procedural history of this matter, the Court documents only those motions relevant to the present Order.

On October 1, 2014, Mr. McCurdy moved pursuant to Federal Rule of Civil Procedure 60(b) for relief from the Court's September 27, 2013 order denying his first 28 U.S.C. § 2255 motion. *Mot. for Relief from J. (Fed. R. Civ. P. 60(b))* (ECF No. 315) (*Rule 60(b) Mot.*). On January 14, 2015, the Government responded to Mr. McCurdy's Rule 60(b) motion. *Gov't's Opp'n to "Mot. for Relief from J. (Fed.R.Civ.P. 60(b))"* (ECF No. 325). On March 16, 2015, Mr. McCurdy replied to the Government's opposition to his Rule 60(b) motion. *Pet'r's Partial Reply to Gov't's Opp'n to Mot. for Relief from J. (Fed. R. Civ. P. 60(b))* (ECF No. 334).

Also on March 16, 2015, Mr. McCurdy filed eight other motions: (1) *Mot. for Appointment of Counsel (R. Governing §2255 Proc. 6(a)* (ECF No. 335); (2) *Mot. for Leave to Conduct Disc.* (ECF No. 336); (3) *Mot. for Produc. of Docs., Reqs. for Admis. and Proposed Interrogs. Directed to the United States of America (R. Governing §2255 Proc. 6(b))* (ECF No. 337); (4) *Mot. for Produc. of Docs., Reqs. for Admis. and Proposed Interrogs. Directed to Jeffrey Silverstein (R. Governing §2255 Proc. 6(b))* (ECF No. 338); (5) *Mot. for Produc. of Docs., Reqs. for Admis. and Proposed Interrogs. Directed to the Downeast Community Hospital (R. Governing §2255 Proc. 6(b))* (ECF No. 339); (6) *Mot. for Produc. of Docs., Reqs. for Admis. and Proposed Interrogs. Directed to John Rolfe (R. Governing §2255 Proc. 6(b))* (ECF No. 340); (7) *Mot. for Produc. of Docs., Reqs. for Admis. and Proposed Interrogs. Directed to John Fuller (R. Governing §2255 Proc. 6(b))* (ECF No. 341); (8) *Mot. for Produc. of Docs., Reqs. for Admis. and Proposed Interrogs. Directed to Alan Curtis (R. Governing §2255 Proc. 6(b))* (ECF No. 342). On March 31, 2015, the Government responded to all eight motions in a

consolidated opposition. *Gov't's Consolidated Opp'n to "Mot. for Produc. of Docs., Reqs. for Admis. and Proposed Interrogs." and "Mot. to Appoint Counsel"* (ECF No. 343). On April 15, 2015, Mr. McCurdy replied to the Government's consolidated opposition. *Pet'r's Reply to Gov't's Opp'n to Mots. for Leave to Conduct Disc., Produc. of Docs. and Appointment of Counsel* (ECF No. 346).

On May 4, 2015, Mr. McCurdy moved for proposed findings of fact. *Pet'r's Mot. for Proposed Findings of Fact (Fed. R. Civ. P. 52)* (ECF No. 347). On May 7, 2015, the Government responded to this motion, *Gov't's Opp'n to "Pet'r's Mot. for Proposed Findings of Fact (Fed.R.Civ.P. 52)"* (ECF No. 349), and on May 26, 2015, Mr. McCurdy replied to the Government's opposition. *Pet'r's Reply to Gov't's Opp'n to Proposed Findings of Fact* (ECF No. 350).

On July 6, 2015, Mr. McCurdy moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Mot. to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (28 USC § 2255)* (ECF No. 351).

The Magistrate Judge filed with the Court his Recommended Decision on all of the above motions on July 28, 2015. *Recommended Decision on 28 U.S.C. § 2255 Mot., Mot. for Relief from J., Mot. for Findings of Fact, Mot. for Counsel and Disc. Mots.* (ECF No. 352) (*Rec. Dec.*). Mr. McCurdy filed two objections to the Recommended Decision on August 28, 2015. *Pet'r's Objs. to Magistrate's Recommended Decision for Relief from J. (Fed. R. Civ. P. 60(b))* (ECF No. 355) (*Rule 60(b) Obj.*); *Pet'r's Objs. to Magistrate's Recommended Decision on 28 USC §2255 Mot.*

(ECF No. 356) (*§ 2255 Obj.*).  On January 8, 2016, Mr. McCurdy moved to expedite proceedings.  *Pet'r's Mot. to Expedite Proceedings (28 USC §1657(a))* (ECF No. 365).

## II.  DISCUSSION

Although the Court concurs with the Magistrate Judge for the reasons stated in the Recommended Decision, it addresses in further detail three issues that Mr. McCurdy has pressed in his objections to the Recommended Decision: (1) whether Mr. McCurdy's motion under Rule 60(b) is a successive § 2255 petition by another name; (2) whether that motion, if it were treated as a Rule 60(b) motion, would be timely; and (3) whether the self-styled § 2255 motion is successive.  In the Court's view, the remaining issues do not warrant separate discussion.

### A.   60(b) Motion

In his objection to the Magistrate Judge's recommendation on the Rule 60(b) motion, Mr. McCurdy writes that his "claims are true 60(b) claims because they neither challenge the merits of the Court's §2255 decision nor the criminal conviction; instead, they challenge the integrity of the §2255 proceeding as procedurally flawed."  *Rule 60(b) Obj.* at 5.  He identifies three perceived procedural defects—"the Court's failure to allow discovery, appoint counsel or conduct an evidentiary hearing"— which, taken together, he believes constitute a Due Process violation.  *Id.* at 4.

The Court is unpersuaded.  In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court answered the question of "whether a Rule 60(b) motion filed by a habeas petitioner is a 'habeas corpus application' as the statute uses that term."  *Id.* at 530.  While a Rule 60(b) motion that "attacks the federal court's previous resolution

4

*on the merits . . .* is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief," a Rule 60(b) motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings" can be properly treated as a Rule 60(b) motion. *Id.* at 532 (emphasis in original) (footnotes omitted). The distinction is essentially between substance and procedure. While Mr. McCurdy is at pains to cast his Rule 60(b) motion as procedural, *Rule 60(b) Obj.* at 2-5, the Court agrees with the Magistrate Judge that "the motion for relief from judgment is focused on the substance of [Mr. McCurdy's] claims of ineffective assistance of counsel." *Rec. Dec.* at 11. The Court rejects Mr. McCurdy's attempt to characterize his challenge of the Court's earlier ineffectiveness ruling—a merits ruling—as one that merely identifies supposed procedural shortcomings (i.e., for lacking discovery, appointment of counsel, and an evidentiary hearing). The Court decides that the Rule 60(b) motion is effectively a § 2255 petition.

Mr. McCurdy does have a point regarding timeliness. The Magistrate Judge wrote that even if he were to treat the motion under Rule 60(b), the motion would be untimely because it contests an order that came down on September 27, 2013, was filed on October 1, 2014, and the rule is that such motions must be filed no more than a year after the entry of the judgment. *Id.* at 12 n.10 (citing FED. R. CIV. P. 60(c)(1)) Mr. McCurdy's objection points out that the "prison mailbox rule" would date the document to September 26, 2014 rather than October 1, 2014—thus making the filing timely. *Rule 60(b) Obj.* at 6. Indeed, although the Court received and filed the motion

5

on October 1, 2014, Mr. McCurdy dated the motion to September 26, 2014.[1] *Rule 60(b) Mot.* at 35 (Certificate of Service).

The law supports Mr. McCurdy's position that the motion should be dated from the time of sending rather than receipt. *See Casanova v. Dubois*, 304 F.3d 75, 79 (1st Cir. 2002) ("In light of the fact that the prisoners can do no more than hand over their complaint to the prison officials, and do not have any discretion over how the complaint will be filed, the relevant point should be when the complaint is handed over to the prison officials"). Accordingly, if Mr. McCurdy's motion were a true Rule 60(b) motion, it would be timely. Because the Court has decided that the motion comes under § 2255, however, the result remains the same: the Court dismisses Mr. McCurdy's motion without prejudice.

**B.     § 2255 Motion**

In his objection to the Magistrate Judge's recommendation on the § 2255 motion, Mr. McCurdy writes that the motion "is not a successive §2255 motion because it does not challenge the criminal judgment nor does it 'attack' the merits of the conviction or sentence, instead he seeks only to have his direct appeal rights reinstated without the added burden of the Government's judicial deception." *§ 2255 Obj.* at 2. The deception, according to Mr. McCurdy, came in the form of two "highly prejudicial misstatements of fact, that (1) [he] waived his rights and that (2) he possessed 30 rounds of 40mm ammunition." *Id.* Regarding when he discovered these

---

[1]     Although the envelope attached to the motion does not confirm the date Mr. McCurdy placed the motion in the prison mail, the Court accepts Mr. McCurdy's representation that he mailed the motion on September 26, 2014. *See Rule 60(b) Obj.* at 6; *Rule 60(b) Mot.* at 35 (Certificate of Service).

putative misstatements, Mr. McCurdy maintains that although he believed they were false during the preparation of his earlier § 2255 motion, "the factual basis for this claim did not ripen until he received the requested information from the Machias Police Dept., which was long after the proceeding on his initial §2255 concluded." *Id.* at 7.

As the Court sees it, Mr. McCurdy is mistaken.  The Magistrate Judge notes that "a numerically second petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits.'" *Rec. Dec.* at 10 (quoting *United States v. Barrett*, 178 F.3d 34, 43 (1st Cir. 1999)).  Here, because Mr. McCurdy challenges the same criminal judgment, *J.* (ECF No. 195), and because that earlier petition arrived at a judgment on the merits, *Order on Def.'s First and Second Mots. for Leave to File Suppl. Pleadings and on Def.'s Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence* (ECF No. 305), the motion is successive.

Recent guidance from the First Circuit underscores this conclusion.  *See Bucci v. United States*, 809 F.3d 23, 27 (1st Cir. 2015) (rejecting the argument that it "should forgo a literal reading of 'second or successive' whenever a petitioner arguably raises a claim that could not have been raised in a prior habeas petition"). Accordingly, until Mr. McCurdy satisfies the gatekeeping requirements of §§ 2255(h) and 2244(b)(3)(A), the Court is without jurisdiction to consider his successive § 2255 motion.  *See Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) ("AEDPA required a federal prisoner who sought to prosecute a second or successive section

7

2255 petition to obtain pre-clearance, in the form of a certificate, from the court of appeals. . . . We have interpreted this provision as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward'") (citations omitted).  As with the motion filed under Rule 60(b), the Court dismisses the self-styled § 2255 motion without prejudice so that Mr. McCurdy may seek the First Circuit's permission to file successively if he so chooses.

### III. THE COURT'S ORDER

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a <u>de novo</u> determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge (ECF No. 352) is hereby <u>AFFIRMED</u>.

2. It is <u>ORDERED</u> that the Petitioner's Motion for Relief from Judgment (Fed. R. Civ. P. 60(b)) (ECF No. 315) be and hereby is <u>DISMISSED WITHOUT PREJUDICE</u>.

3. It is <u>ORDERED</u> that the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (28 U.S.C. §2255) (ECF No. 351) be and hereby is <u>DISMISSED WITHOUT PREJUDICE</u>.

4. It is <u>ORDERED</u> that the Petitioner's Motion for Proposed Findings of Fact (Fed. R. Civ. P. 52) (ECF No. 347) be and hereby is <u>DENIED WITH PREJUDICE</u>.

5. It is <u>ORDERED</u> that the following motions be and hereby are <u>DISMISSED AS MOOT</u>:

    a. Petitioner's Motion for Appointment of Counsel (R. Governing §2255 Proc. 6(a)) (ECF No. 335);
    b. Petitioner's Motion for Leave to Conduct Discovery (ECF No. 336);
    c. Petitioner's Motion for Production of Documents, Requests for Admissions and Proposed Interrogatories Directed to the United States of America (R. Governing §2255 Proc. 6(b)) (ECF No. 337);
    d. Petitioner's Motion for Production of Documents, Requests for Admissions and Proposed Interrogatories Directed to Jeffrey Silverstein (R. Governing §2255 Proc. 6(b)) (ECF No. 338);
    e. Petitioner's Motion for Production of Documents, Requests for Admissions and Proposed Interrogatories Directed to the Downeast Community Hospital (R. Governing §2255 Proc. 6(b)) (ECF No. 339);
    f. Petitioner's Motion for Production of Documents, Requests for Admissions and Proposed Interrogatories Directed to John Rolfe (R. Governing §2255 Proc. 6(b)) (ECF No. 340);
    g. Petitioner's Motion for Production of Documents, Requests for Admissions and Proposed Interrogatories Directed to John Fuller (R. Governing §2255 Proc. 6(b)) (ECF No. 341);
    h. Petitioner's Motion for Production of Documents, Requests for Admissions and Proposed Interrogatories Directed to Alan Curtis (R. Governing §2255 Proc. 6(b)) (ECF No. 342); and
    i. Petitioner's Motion to Expedite Proceedings (28 USC §1657(a)) (ECF No. 365).

6. It is further <u>ORDERED</u> that a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases be <u>DENIED</u>.

SO ORDERED.

                    <u>/s/ John A. Woodcock, Jr.</u>
                    JOHN A. WOODCOCK, JR.
                    UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2016